SAMUEL J. MOREHEAD, use, &c. *vs.* THOMAS HOLLIDAY et al.

If a sheriff fail to return an execution to him directed, on the return day thereof, he and his sureties are absolutely and without exception liable for the amount of the execution, with five per cent. damages, and eight per cent. interest, to be recovered by motion in the court, to which the execution is returnable.

A plea in such case, to the motion, that the plaintiff in the execution had suffered no damage from his failure to make the return, no bar to the motion.

*Semble*, that he had levied the execution upon certain property, which had been afterwards sold, and the money ready to be paid, no bar to the motion.

IN error, to the Copiah circuit court.

On the 24th day of May, A. D. 1841, a writ of *fieri facias* was issued from the circuit court of Copiah county, directed to the sheriff of the county, Thomas Holliday, against William C. Hicklin, and Joseph G. Anderson, in favor of Samuel J. Morehead, use of Timothy T. Cooper, and came into the hands of the sheriff on the 1st day of June, A. D. 1841, and was, on the 18th day of September, 1841, levied on one sulkey and harness, the property of Hicklin; the execution was returnable on the 1st day of the November term, 1841, of the court, but was not returned, being retained by the sheriff, and the property levied on by him, not being sold.

At the May term, 1842, a motion was made by the plaintiff in error, upon due notice against the defendant in error, and his sureties on his official bond, to recover the amount of the execution.

The defendants appeared and filed the following plea:

" And now at the term aforesaid, come the said Thomas Holiday, et al. by their attorney, B. Harris, and say the said plaintiff as aforesaid, ought not to have, or maintain his motion, because he says that after the levy by said execution at the suit of said plaintiff against Joseph G. Anderson, and William C. Hicklin, by virtue of said *fieri facias* in said notice mentioned, the said sulkey and harness became and were of no value, and

that said depreciation took place from no neglect, carelessness or inattention of said Thomas, and to expose the same to sale, it would have brought nothing, and this the said defendant is ready to verify, wherefore he prays judgment, &c.

" And the said defendant for further plea in this behalf says, *actio non*, because he says that since the return mentioned in plaintiff's notice, that by virtue of a writ of *venditioni exponas*, against William C. Hicklin and Joseph G. Anderson, in favor of Samuel J. Morehead, who sues for the use of Timothy T. Cooper, issuing out and under the seal of said court, this defendant advertised and sold said sulkey and harness at the court house door of said county, according to law, and that the same sold for its full value, to wit: the sum of twenty-five dollars, which money the said defendant has now ready in court agreeably to the commands of said writ, and that said plaintiff hath sustained no injury by said delay, and this the said defendants are ready to verify, wherefore they pray judgment," &c.

To these pleas the plaintiff in the execution demurred, but the court below overruled the demurrer, and the motion, and a writ of error was prosecuted from this court.

*W. P. Harris*, for plaintiff in error.

This is a motion under the statutes, for failing to return an execution on the return day thereof. How. & Hutch. 298, § 29.

The motion recites that the execution came to the hand of the sheriff, and was levied by him upon certain property, and that he omitted to sell the same, &c., and then proceeds to alledge that the sheriff failed to return the same on the return day, and prays judgment under the 29th section of the statute. This does not amount to two causes of action, because the first by itself is immaterial, and the statute does not give the remedy by motion for omitting to sell, and therefore it does not constitute a cause of action. Matter immaterial does not operate to make a pleading double. Stephen's Plead. 259. But supposing the motion to contain two causes of action, it is mere duplicity in pleading, and the subject of special demurrer, and is cured by the defendants pleading over. Stephen's Plead. 278.

The defendant by choosing to plead instead of demurring was bound to answer both charges in the motion.

The pleas set out to answer the whole motion, and answer only to part, and therefore liable to demurrer. Stephen's Pl. 407–408.

The pleas are bad in substance.

The first plea constitutes no defence or excuse even for not selling, and if it did, he should have returned the execution according to the facts, so as to enable the plaintiff to resort to other process.

The second alledges matter which occurred subsequent to the time when the plaintiff's right of action occurred, and does not cover the previous default, which had already subjected him to the penalties of the statute.

Mr. Justice CLAYTON delivered the opinion of the court.

This was a motion against the sheriff of Copiah county, and his sureties, for failure to return an execution placed in his hands, according to law. The defendants filed two pleas as a bar to the motion, first that the plaintiff had suffered no damage from his failure to make return, and next, that he had levied the execution upon certain property, which had been afterwards sold for a trifling sum, and that he then had said sum ready to be paid. The motion was made at the term, next after that to which the execution was returnable, and the money arising from the sale, was offered at the court to which the motion was made.

The plaintiff in the motion filed a demurrer to these pleas, which was overruled by the court, and the motion dismissed.

The statute provides that "if any sheriff shall fail to return an execution to him directed, on the return day thereof, the plaintiff in the execution may recover judgment against such sheriff, and his sureties, for the amount of such execution, with five per cent. damages, by motion before the court, to which such execution is returnable, with eight per centum interest on the same till paid." See H. & H. 298, § 29.

This provision is too plain to require comment. The failure of the sheriff to make return in due time, renders him absolutely

and without exception liable for the debt.    The measure seems to be a harsh one, but having been imposed by the legislature, we have no power to dispense with it.    The pleas offered interposed no bar to the recovery of the plaintiff.    The judgment is therefore reversed, and this court proceeding to give the judgment which the court below ought to have given, doth direct a judgment to be entered against the defendants for the amount of the execution, with five per cent. damages, and eight per cent. interest as prescribed by the statute.

*Judgment reversed.*